# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
April 8, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BOBBY WALKER,**
**Claimant Below, Petitioner**

**vs.)   No. 12-1164** (BOR Appeal No. 2047266)
                      (Claim No. 2010136132)

**AAA ALLIED GROUP, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Bobby Walker, by William B. Gerwig III, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. AAA Allied Group, Inc., by Michael N. Watson, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 21, 2012, in which the Board affirmed a May 29, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 6, 2011, decision granting Mr. Walker an 8% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Walker worked as a driver for AAA Allied Group, Inc. On June 6, 2010, he tripped and fell out of the back of a truck fracturing his wrist. The next day, Mr. Walker underwent an open reduction and internal fixation surgery to repair the fracture. Mr. Walker was treated with physical therapy, and his claim was held compensable for a right wrist fracture and a rib fracture. Paul Bachwitt, M.D., then performed an independent medical evaluation of Mr. Walker and found that he had reached his maximum degree of medical improvement. Dr. Bachwitt considered x-rays taken after the surgery, which revealed a long distal plate in satisfactory

1

position and alignment. Dr. Bachwitt found that Mr. Walker had some limitation in range of motion and reduced grip strength in comparison to the uninjured left wrist. Dr. Bachwitt found that Mr. Walker had 8% whole person impairment under the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) for loss of range of motion in his right wrist. On April 6, 2011, the claims administrator granted Mr. Walker an 8% permanent partial disability award based on Dr. Bachwitt's report. Bruce A. Guberman, M.D., then evaluated Mr. Walker and found that he was entitled to an additional 6% permanent partial disability award for his right wrist injury. Dr. Guberman based this finding on attributing 14% upper extremity impairment to Mr. Walker's loss of range of motion and an additional 10% upper extremity impairment rating for his loss of strength. Dr. Guberman then combined these values and converted them to a 14% whole person impairment rating. On May 29, 2012, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on September 21, 2012, leading Mr. Walker to appeal.

The Office of Judges concluded that Mr. Walker failed to show that he was entitled to more than an 8% permanent partial disability award. The Office of Judges found that, even though the record showed that Mr. Walker had some residual impairment from his compensable injury, it did not support Dr. Guberman's impairment recommendation. The Office of Judges found that the American Medical Association's *Guides* discouraged the use of loss of strength measurement in calculating impairment except in the rarest of cases. Although Dr. Guberman found that Mr. Walker's loss of grip strength was not accounted for in his 8% permanent partial disability award, the Office of Judges determined that he did not show that this was a rare case which would require a separate impairment rating for loss of strength. The Office of Judges noted that Mr. Walker's x-rays showed that he had adequately healed from his injury. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Walker has not demonstrated that he is entitled to a greater than 8% permanent partial disability award for his compensable wrist fracture. The report of Dr. Bachwitt shows that Mr. Walker has 8% whole person impairment for loss of range of motion in his right wrist, and there is nothing in the record indicating that Dr. Bachwitt's report is unreliable. The Office of Judges was also within its discretion in not relying on Dr. Guberman's report.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   April 8, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum